Jones, J.
(dissenting). I would affirm the order of the Appellate Division.
For the reasons stated in the opinions of Mr. Justice J. Irwin Shapiro and Mr. Justice Joseph A. Suozzi at the Appellate Division I agree that the establishment of the unified court budget on April 1, 1977 pursuant to chapter 966 of the Laws of 1976 and the implementation of the first stage assumption of the costs thereof by the State did not constitute a "separation from the service of the County” within the contemplation of the applicable agreements between the county and appellants. I find persuasive, too, the principle applicable in the private employment sector — that when new ownership takes over a going enterprise, even though there be a total change of employer in the legal sense, the new employer is bound by collective bargaining obligations of the predecessor employer if there is a substantial continuity in the business enterprise as well as in the identity of the work force (here there was both) — in substance that the rights of the employees persist as though there had been no interruption or termination of employment. (John Wiley & Sons v Livingston, 376 US 543; see Howard Johnson Co. v Hotel Employees, 417 US 249, 263; NLRB v Burns Int. Security Servs., 406 US 272.) I recognize that in these cases the shoe is on the other foot, and that it is the employer who seeks a holding that there has been a termination of employment. I think, however, that the principle involved is pertinent.
As a matter of substance as distinguished from the diction of the agreements, I see no reason in sound personnel policy or practice to pay cash equivalents for accumulated sick leave or vacation leave while the employees continue in the same positions to perform the same duties with only a change in the identity of the employer — now the State rather than the county. The objective of the contract provision I would have thought was to assure payment of cash equivalent of accumulated credits on termination of employment.
*542 Finally, I cannot imagine that the State and county and others responsible for the preparation and passage of this aspect of the unified court budget legislation ever contemplated that the State take-over would have the effect of accelerating payment of what the employees themselves must have anticipated as benefits to be received at a time when they were separated from their employment and their tenure in their jobs ceased.
Judges Gabrielli, Wachtler and Fuchsberg concur with Judge Meyer; Judge Jones dissents and votes to affirm in a separate opinion in which Judge Jasen concurs; Chief Judge Cooke taking no part.
Order reversed, with costs, and the order of Supreme Court, Nassau County, reinstated.